The court's initial ruling concerning the inadmissibility of the intern's prior statement was proper. That statement was inadmissible because it was not "made in a writing subscribed by [the intern] or * * * made under oath" (CPLR 4514; *see, Letendre v Hartford Acc. & Indem. Co.*, 21 NY2d 518; *Campbell v City of Elmira*, 198 AD2d 736, 738, *affd* 84 NY2d 505; *see also,* Fed Rules Evid, rule 801 [d] [1] [A]; Proposed NY Code of Evidence § 803 [a] [1] [1991]). In *Letendre*, the Court determined that a prior inconsistent statement in the required statutory form was admissible as evidence-in-chief because the "[d]eclarant himself was present in court, subject to the oath and the safeguard of cross-examination" (*Letendre v Hartford Acc. & Indem. Co., supra*, at 524). In *Campbell*, the prior inconsistent statement was sworn testimony and was admissible as evidence-in-chief. Although the prior inconsistent statement found admissible in *Vincent* was an unsworn oral statement, the only objection to it was on hearsay grounds, and, since *Vincent*, the Second Department has stated that a "witness's prior oral statements * * * are admissible for the sole purpose of impeaching his credibility" (*Noskewicz v City of New York*, 155 AD2d 646, 647).

We further note that the intern's statement that "nobody was paying attention" is conclusory and thus not admissible. Generally, witnesses may only testify concerning "facts and not to their opinions and conclusions drawn from the facts" (Prince, Richardson on Evidence § 7-101, at 443 [Farrell 11th ed]).

Finally, we reject plaintiffs' contention that the verdict is against the weight of the evidence (*see generally, Nicastro v Park*, 113 AD2d 129, 134-135). (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Set Aside Verdict.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.

■ 104 CONTRACTORS, INC., Respondent, v R.T. GOLF ASSOCIATES, L.P., et al., Appellants, et al., Defendants. (Appeal No. 1.) [707 NYS2d 745] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Lien.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.

■ 104 CONTRACTORS, INC., Respondent, v R.T. GOLF ASSOCIATES, L.P., et al., Appellants, et al., Defendants. (Appeal No. 2.) [705 NYS2d 752] —Amended judgment unanimously affirmed with costs. Memorandum: R.T. Golf Associates, L.P. and R.T. Golf, Inc. (defendants) appeal from an amended judgment after a bench trial awarding plaintiff $92,920.88 on a mechanics' lien